# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| COMPREHENSIVE HEALTH OF PLANNED PARENTHOOD GREAT PLAINS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 17-4207-CV-C-BP |
| RANDALL W. WILLIAMS, M.D., in his official capacity as Director of the Missouri Department of Health and Senior Services, *et al.*, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR STAY

Pending is Plaintiffs' Motion to Stay, (Doc. 138), which asks the Court to stay proceedings pending the resolution of two cases pending in the Court of Appeals. Defendants oppose the motion. After considering the parties' arguments, for the reasons stated below the Court **GRANTS** the motion.

This case involves challenges to Missouri's regulations of medically-induced abortions. The Court has previously denied Plaintiffs' motions for a temporary restraining order and preliminary injunction. The parties have been conducting discovery; discovery closes on August 31 and dispositive motions are due by September 30, 2018. A bench trial is scheduled in March 2019. (Doc. 47.)

Plaintiffs contend that the case should be stayed and the schedule suspended because two cases pending in the Eighth Circuit bear directly on this case. One, *Planned Parenthood of Ark. & E. Okla. v. Jegley,* 8th Cir. No. 18-2463, involves Arkansas regulations that are very similar to those at issue in this case. Among other issues, the appeal raises questions about how a district

court should calculate whether a "large fraction" of women are burdened by a regulation that restricts access to abortion. The Appellants' Briefs are due on August 28. In the other case, *Comprehensive Health of Planned Parenthood Great Plains v. Williams,* 8th Cir. No. 17-1996, the Eighth Circuit is reviewing a preliminary injunction that enjoins Missouri's regulations regarding surgical abortions that are similar to the regulations of medication abortions being considered in this case; the case was argued in March 2018.

The Court agrees that given this specific situation, the case should be stayed. In particular, the Court concludes that the relationship between this case and *Williams* justifies staying the case. In opposing Plaintiffs' motion for a preliminary injunction, Defendants' argued that the regulation of medication abortions did not affect a large fraction of women because many of them could (and would) obtain a surgical abortion. The Court credited this argument; at the same time the Court stated as follows:

> The Court finds Defendants' reliance on the availability of surgical abortions to defend the constitutionality of the regulation on medication abortions interesting for a variety of reasons. In particular, DHSS has enacted similar regulations on surgical abortions, requiring the doctor performing the vacuum aspiration have a contractual relationship with an OB/GYN who possesses hospital admitting privileges. Surgical abortions are available in Columbia (and potentially in Springfield) only because the regulations related to surgical abortions were preliminarily enjoined in another case pending in this court, [*Williams*]. The Court further notes that Defendants are seeking to overturn that injunction; if they succeed, and *if the Columbia and Springfield clinics are precluded from performing surgical abortions, the Court's analysis in this case may need to be revisited.*

(Doc. 134, p. 16, n.14 (emphasis supplied).)

Defendants contend that cases are not routinely stayed simply because related cases may be pending in other courts. However, this does not mean that cases are never stayed for that reason, and the Court is not staying this case simply because there are other abortion-related cases pending in the Eighth Circuit. *Williams* is not only a source of law for this case; the decision in that case

forms part of the facts that bear on the Court's analysis in this case. Therefore, the interests of judicial economy favor staying this case, at least until *Williams* is decided.[1] Moreover, the Defendants suffer no prejudice from staying the proceedings because there is no injunction in place and they are free to enforce the regulations at issue.

Pending further order of the Court, the case is stayed and all deadlines are suspended.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
Date: August 8, 2018
UNITED STATES DISTRICT COURT

---

[1] It also is not uncommon for courts to stay cases when it is known that another case presenting identical legal issues is pending before a higher tribunal. The similarity in issues and the interest of judicial economy appear to justify staying the case until *Jegley* is finally decided, particularly in light of the lack of prejudice to Defendants. Whether to stay the case that long can be addressed at a later time.